UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GARY M. PEREZ,                  No. 7-08-13999 MA

       Debtor.
_____

WEST COAST RENTALS, INC.,
d/b/a MIDTOWN RENTALS,

       Plaintiff,

v.                                          Adversary No. 09-1023 M

GARY PEREZ,

       Defendant.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of Debt Pursuant to Fed.R.Civ.P. 12(b)(6) ("Motion to Dismiss"). Plaintiff West Coast Rentals, Inc., d/b/a Midtown Rentals ("WCR") filed a Complaint to Determine Dischargeability of Debt ("Complaint") seeking a determination of non-dischargeability as to the following: 1) an award of civil contempt damages entered by the Second Judicial District Court in connection with a lawsuit Plaintiff filed against Defendant Gary Perez styled *West Coast Rentals, Inc. v. Gary Michael Perez, et al.,* Case No. CV-2004-5419 ("State Court Action"); and 2) undetermined damages arising from the actions of Mr. Perez that formed the basis of the State Court Action. Plaintiff's Complaint alleges that the civil contempt damages award entered in the State Court Action is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and/or (a)(6), and that any damages resulting from Mr. Perez's alleged wrongful

1

use of WCR's customer lists following his voluntary termination of employment from WCR are non-dischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4), and/or (a)(6). Plaintiff's Complaint also includes a request for an award of attorneys' fees based on a provision contained in the employment agreement between WCR and Defendant. *See* Complaint, Count IV. Defendant argues that the judgment for civil contempt entered in the State Court Action cannot form the basis of a non-dischargeability action under 11 U.S.C. § 523(a)(2)(A) and that *res judicata* and the state statute of limitation otherwise bar Plaintiff's remaining causes of action.

The Court held a final hearing on the Motion to Dismiss on April 27, 2009 and took the matter under advisement. After consideration of the Motion to Dismiss, WCR's response, and Defendant's reply, and being otherwise sufficiently informed, the Court finds that the Motion to Dismiss should be granted as to Plaintiff's non-dischargeability claim under 11 U.S.C. § 523(a)(2)(A) premised on the judgment for civil contempt, but must be denied as to all other causes of action raised in the Complaint.

BACKGROUND FACTS

Pre-petition, WCR filed the State Court Action against Defendant seeking damages resulting from Defendant's alleged breach of the confidentiality and non-compete provisions contained in his employment contract with WCR. WCR claimed that Defendant fraudulently took its customer list, began employment with a competitor, and wrongfully used the customer list to solicit WCR's customers in violation of the employment agreement. As part of the State Court Action, the state court found that Defendant lied under oath in the State Court Action as to

2

whether he signed the employment agreement[1] and, on October 1, 2007, entered a Final Judgment Against Defendant Gary Michael Perez for Contempt of Court ("Contempt Judgment"). No final determination as to the underlying causes of action has been made in the State Court Action. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 21, 2008. WCR filed this adversary proceeding on February 13, 2009, within sixty days of the date first set for the meeting of creditors.

STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), made applicable to bankruptcy proceedings by Rule 7012, Fed.R.Bankr.P., the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the non-moving party.[2] Under the standard enunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the plaintiff's claim must be "plausible" on its face in order to survive a motion to dismiss.[3] In evaluating a motion to dismiss under this standard, the Court must "'determine whether the complaint sufficiently alleges facts supporting all the elements

---

[1] *See* Findings of Fact and Conclusions of Law Related to the Contempt of Defendant Gary Perez ("Findings and Conclusions"); Exhibit A to Complaint.

[2] *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007)(citing *Johnson v. Johnson,* 466 F.3d 1213, 1214 (10th Cir. 2006)). *See also, Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007)(explaining the revised standard in *Twombly* as follows: "[t]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.")(emphasis in original).

[3] *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974 (stating that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face" requiring under this standard that plaintiffs "nudge[ ] their claims across the line from conceivable to plausible[.]").

3

necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon,* 495 F.3d at 1186 (quoting *Forest Guardians v. Forsgren,* 478 F.3d 1149, 1160 (10th Cir. 2007)). Thus, '[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Twombly,* 127 S.Ct. At 1965).

## DISCUSSION

<u>Whether the Civil Contempt Judgment Can Form the Basis of a Non-Dischargeability Action Under 11 U.S.C. § 523(a)(2)(A)</u>

A debt for money, property or services is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) "to the extent obtained by false pretenses, a false representation or actual fraud." 11 U.S.C. § 523(a(2)(A). "Debt" is defined by the Bankruptcy Code as a "liability on a claim." 11 U.S.C. § 101(12). "Claim" is simply defined as "a right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A). Finally, a "'right to payment' . . . 'is nothing more nor less than an enforceable obligation.'" *Cohen v. de la Cruz,* 523 U.S. 213, 218, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (internal citations omitted).

The Contempt Judgment entered in the State Court Action awarded WCR $24,234.54 representing its attorneys' fees and administrative fees in the amount of $18,258.37 and costs in the amount of $5,976.17. Because the Contempt Judgment awarding WCR its attorneys' fees represents an enforceable right to payment, it constitutes a debt within the meaning of the Bankruptcy Code. Defendant Perez correctly points out that the Contempt Judgment and the Findings and Conclusions relate solely to Defendant's conduct in the State Court Action and make no findings as to WCR's underlying allegations of fraudulent conversion and wrongful use of its customer lists.

4

In *Tatton v. Jahke (In re Jahke),* 2006 WL 4846384 (Bankr.D.Utah 2006), the bankruptcy court considered facts substantially similar to those presented here and determined that a state court's award of attorneys' fees did not support a cause of action under 11 U.S.C. § 523(a)(2)(A). The *Jahke* court reasoned that even though the state court judgment represented a debt, the facts did not establish that the debtor "obtained" any money, property, or services *Jahke* 2006 WL 4846384 at *5.

WCR argues that *Cohen v. de la Cruz,* recognized that 11 U.S.C. § 523(a)(2)(A) is broad enough to encompass punitive damages that are not, technically, "obtained" by the debtor. *See Cohen v. de la Cruz,* 523 U.S. 213, 218 (1998). However, unlike *Cohen v. de la Cruz,* where the Supreme Court determined that a punitive award of treble damages should be included as part of the nondischargeable judgment under 11 U.S.C. § 523(a)(2)(A), the Contempt Judgment does not represent an augmented damage amount premised upon the underlying claims that formed the basis of the State Court Action. *Cohen*, and cases relying on the reasoning of *Cohen,* merely "stand for the proposition that an underlying fraud or false representation damage award can be augmented by other damages resulting from the fraud or false representation." *Jahke,* 2006 WL 4846384 at *4. Because the Contempt Judgment does not address the underlying causes of action, the Court cannot conclude that the attorneys' fees represent an amount "obtained" by Defendant by false pretenses, a false representation or actual fraud.

The *Jahke* court reasoned further that even though the attorneys' fees were awarded pursuant to Rule 11 of the Utah R.Civ.P. based on findings that the defendant made numerous false statements, the state court made no findings regarding plaintiff's reliance on those statements, nor did the state court make any findings as to the defendant's intent. *Id.* Thus, the plaintiff in *Jahke*

5

could not establish the elements of reliance or intent as required to sustain a cause of action under 11 U.S.C. § 523(a)(2)(A).[4]

In this case, the state court found that the costs and expenses incurred by WCR "were proximately caused by the intentional lies and deception of Defendant Gary Perez" and that such acts were "willful and intentional." Findings and Conclusions, ¶ 10. The state court further found that Defendant Gary Perez "committed direct contempt by intentionally providing false testimony before Judge Thompson and indirect contempt by falsely testifying in depositions and pleadings" and that such actions were "willful and intentional." Findings and Conclusions, ¶ 11. Though the Findings and Conclusions confirm that Mr. Perez made false representations both to the state court and to WCR (through depositions), and that his false statements were both "wilful and intentional", there is no indication that WCR relied on those statements. WCR was forced to file its motion for civil contempt in the State Court Action, but such action *contested* Defendant's false statements, and was not taken in reliance on the false statements that formed the basis of the Contempt Judgment.

Thus, WCR's claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A) premised upon the Contempt Judgment cannot establish all elements necessary to sustain a claim and is not, therefore, plausible on its face. The Court will, therefore, grant Defendant's Motion as to this claim.

<u>Whether the Expiration of the State Statute of Limitations Bars a Timely Filed Non-</u>

---

[4]To sustain a cause of action under 11 U.S.C. § 523(a)(2)(A), the creditor must demonstrate the following elements: 1) that the debtor made a false representation; 2) the debtor made the representation with the intent to deceive the creditor; 3) that the creditor justifiably relied on the representation; and 4) the representation caused the creditor to sustain a loss. *Fowler Bros v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1966); *Field v. Man,* (establishing justifiable, rather than reasonable reliance standard).

6

Dischargeability Proceeding

Binding Tenth Circuit precedent establishes that the expiration of the state statute of limitations does not bar a timely-filed complaint to determine the dischargeability of a pre-petition state court judgment, even when the state court judgment is not premised on fraud. *In re McKendry,* 40 F.3d 331 (10th Cir. 1994). In *McKendry,* the Tenth Circuit reasoned that there are two separate and distinct causes of action in bankruptcy court: one cause of action to determine the debt, and a separate cause of action to determine the dischargeability of that debt. *McKendry,* 40 F.3d at 336 (citations omitted). Whether a debt is dischargeable is "a distinct issue governed solely by the limitations periods established by bankruptcy law." *Id.* at 337. Thus a plaintiff can obtain a judgment in state court based on a claim for breach of contract and maintain a subsequent dischargeability complaint based on allegations of fraud or false representations arising from the same underlying transaction.[5]

Section 523(c) and Rule 4007, Fed.R.Bankr.P. establish that the deadline for filing complaints objecting to the dischargeability of a particular debt is sixty days from the date first set for the meeting of creditors. WCR timely filed its Complaint. Thus, to the extent Plaintiff's Complaint seeks a determination that the debt represented by the Contempt Judgment is non-

---

[5]*See, e.g., Frazier v. Schafer (In re Schafer),* 2007 WL 4210287 at *3 - *4 (Bankr.D.Utah 2007), *aff'd,* ___ B.R. ___, 2009 WL 504599 (10th Cir. BAP 2009) (Table) (denying defendant's motion to dismiss non-dischargeability complaint based on statute of limitations defense even though underlying state court default judgment was based solely on breach of contract and not premised on fraud); *Kaleta v. Sokolow,* 183 B.R. 639, 642 (M.D.Ala.1995)(breach of contract claim filed within state statute of limitations claim established the debt; whether the debt was non-dischargeable under § 523(a)(2)(A) is not governed by state statute of limitations for fraud, agreeing with reasoning of *McKendry*). *See also, First Omni Bank, N.A. v. Thrall (In re Thrall),* 196 B.R. 959, (Bankr.D.Colo. 1996)(stating that "[a]ffirmative defenses which could be asserted outside of bankruptcy such as statute of limitations . . . are irrelevant to the determination of dischargeability.")(citations omitted).

7

dischargeable, it is not time barred by the expiration of any state statute of limitation. However, unlike *McKendry,* the underlying cause of action raised in the State Court Action was not litigated to judgment.

*McKendry* acknowledges that "the establishment of the debt itself, is governed by the state statute of limitations." *Id.* at 337. Defendant does not contest the fact that WCR initiated the State Court Action against Defendant within the applicable state statute of limitations period, but contends that WCR cannot now seek to assert its underlying causes of action in this dischargeability proceeding. This Court disagrees.

In *Banks v. Gill Dist. Centers, Inc. (In re Banks),* 263 F.3d 862 (9th Cir. 2001), the Ninth Circuit considered "whether the state court action was timely filed, and whether the filing of that action, without reducing it to judgment, was sufficient to establish the debt for the purposes of the *McKendry* test." *Banks,* 263 F.3d at 868. The *Banks* court noted that "[n]othing in the Bankruptcy Code requires a debt to be have been reduced to a pre-petition state court judgment" and held that the timely filing of the plaintiff's underlying state court action was sufficient to establish a debt. *Id.* The Ninth Circuit reasoned further that the fact that the underlying claim was not reduced to judgment should not bar a subsequent non-dischargeability action because "the creditor brought suit on the debt in a timely fashion and was prevented from obtaining and enforcing judgment in that suit only by the debtor's bankruptcy." *Id.* at 869. The procedural history of the instant case is similar to *Banks*.

WCR timely filed its state court action, but obtained a judgment only on its motion for civil contempt prior to the filing of the Defendant's bankruptcy case. The fact that its underlying causes of action were not reduced to judgment does not bar this subsequent, timely-filed complaint to

8

determine whether the underlying causes of action give rise to a non-dischargeable debt.

Whether Res Judicata Principles Bars Subsequent Non-Dischargeability Actions

Defendant contends that the Contempt Judgment binds WCR to all matters that could have been raised in the State Court Action such that principles of *res judicata* prevent WCR from maintaining a subsequent dischargeability action premised on the same underlying facts that formed the basis of the State Court Action. This contention is simply incorrect. In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court held that res judicata does not bar a subsequent determination by the bankruptcy court as to whether the debtor's conduct supports a non-dischargeable debt, even when the creditor did not plead fraud in the underlying state court action. Thus, neither the fact that other causes of action could have been raised and adjudicated in the State Court Action, nor the fact that the only matter that was litigated to judgment in the State Court Action was the motion for civil contempt serve as a bar to this adversary proceeding to determine the dischargeability of any damages resulting from WCR's underlying causes of action. Furthermore, even though the Contempt Judgment cannot sustain a claim under 11 U.S.C. § 523(a)(2)(A), *res judicata* principles do not bar WCR's non-dischargeabilty claim under 11 U.S.C. § 523(a)(6) premised on the Contempt Judgment.[6]

Finally, both parties agree that Count IV of WCR's complaint, which requests an award of

---

[6]*Cf. Dearborn Chemical Co. v. Lindsay (In re Lindsay),* 55 B.R. 569, 571 (Bankr.Okla. 1985)("res judicata does not apply so as to bar the offering of additional evidence to meet a new defense of bankruptcy asserted by a debtor" so that bankruptcy court could look beyond the district court judgment and record to determine whether debt was non-dischargeable under § 523(a)(6), though parties stipulated to the court limiting its review to the record and judgment in the underlying proceeding); *Thruway Messinger Serv., Inc. V. Marini (In re Marini),* 28 B.R. 262, 264 (Bankr.N.Y. 1983)(res judicata did not bar bankruptcy court's subsequent determination of whether debt represented by stipulation agreement was non-dischargeable as a debt incurred for willful and malicious injury under 11 U.S.C. § 523(a)(6)).

9

attorneys' fees, is dependent upon WCR's other causes of action. Having determined that neither the expiration of the state law statute of limitations nor *res judicata* bars WCR's causes of action, Count IV need not be dismissed at this time.

Based on the foregoing, the Court concludes that the Motion to Dismiss will be granted as to Count I of Plaintiff's Complaint alleging that Contempt Judgment is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The Defendant's Motion to Dismiss will be denied as to Counts II, III, and IV of the Complaint[7] and as to Count I of Plaintiff's Complaint relating to Defendant's alleged wrongful use of WCR's customer list.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: June 23, 2009

COPY TO:

Shay E. Meagle
Attorney for Plaintiff
PO Box 50700
Albuquerque, NM 87181

Dennis A. Banning
Attorney for Defendant
2501 San Pedro NE, #107
Albuquerque, NM 87110

Jeffery A. Goldberg
Co-Counsel for Defendant
PO Box 254
Albuquerque, NM 87103

---

[7]The Complaint alleges the following causes of action:
- Count I - Exception to Discharge Under 11 U.S.C. § 523(a)(2)(A) ("false pretenses, a false representation or actual fraud");
- Count II - Exception to Discharge Under 11 U.S.C. § 523(a)(6) ("willful and malicious injury");
- Count III - Exception to Discharge under 11 U.S.C. § 523(a)(4) ("embezzlement or larceny");
- Count IV - Award of Attorney Fees

10